## Brown v. Beard, et al.

(Decided May 6, 1913.)

### Appeal from Laurel Circuit Court.

1. Appeal—Public Roads—Non-resident Land-holder—Appeal to Circuit Court—Right of Appeal—Section 4303, Kentucky Statutes.— Under section 4303, Kentucky Statutes, a non-resident land-owner who is proceeded against by warning order, but who does not appear in the action or file exceptions to the commissioners' report, may appeal to the circuit court from a judgment establishing a public road through his land.

2. Public Roads—Appeal—Exceptions in Circuit Court—Right to File.—On an appeal to the circuit court from a judgment establishing a public road, it is within the discretion of the court to permit an aggrieved party who did not file exceptions in the county court, to file exceptions in the circuit court.

W. L. BROWN for appellant.

HAZLEWOOD & JOHNSON for appellees.

OPINION OF THE COURT BY WILLIAM ROGERS CLAY, COMMISSIONER—Reversing.

This appeal presents the following question: May a non-resident land-owner who is proceeded against by warning order, but who does not appear in the action or file exceptions to the commissioners' report, appeal to the circuit court from a judgment establishing a public road through his land?

The question arises in the following way:

J. H. Beard and about forty other citizens of Laurel County instituted this proceeding in the Laurel County Court for the purpose of establishing and opening a public road for a distance of about 200 rods through lands belonging to H. P. Brown and others. The proposed road was located on an old passway. H. P. Brown, a non-resident, was proceeded against by warning order. A corresponding attorney was appointed, who reported in substance that he advised H. P. Brown of the nature and pendency of the action, and that Brown had written him that he had employed W. L. Brown, an attorney and relative, to look after the matter. Exceptions were filed on behalf of certain of the land owners, but none were filed by H. P. Brown. The case was submitted to the jury and damages allowed certain defendants. None were allowed H. P. Brown. On a final hearing, the road

was ordered established. From 'that judgment Brown appealed to the circuit court. There Brown filed a special demurrer to the petition and notice of the applicants, and not waiving said demurrer, also filed a general demurrer to the petition and notice. He also entered a motion to quash the commissioners' report and amended report filed in the county court. In addition to the foregoing action, he also filed exceptions to the commissioners' report and amended report. The special and general demurrer and the motion to quash the commissioner's report and amended report were overruled. Thereafter the circuit court entered judgment dismissing the appeal, basing his action on the fact that H. P. Brown was a non-resident, and having filed no answer nor exceptions in the county court, his only remedy was by application for new trial in the county court. From that judgment Brown has prosecuted this appeal:

Section 4295, Kentucky Statutes, provides:

"At the first regular term of the county court, after the owners and tenants shall have been summoned the length of time prescribed by the Civil Code of Practice before an answer is required, no exceptions having been filed to said report by either party, it shall be the duty of the court, from the report and other evidence, if any, to determine whether the road shall be established or altered as recommended by the commissioners."

Section 4296 provides:

"When exceptions shall be filed by either party, the court shall, unless the parties agree that the court may try such issues, forthwith cause a jury to be impaneled to try the issues of facts made by the exceptions, and each juror shall be allowed one dollar per day for his services, to be taxed as costs. In assessing the compensation and damages, the jury shall be governed by the rule prescribed in section 4292 of this article, and upon request of either party may be sent by the court in charge of the sheriff to view the lands. If sufficient cause be not shown for setting aside the verdict, the court shall, upon the report, verdict and other evidence, if any, determine whether the road shall be established or altered, as recommended in said report."

Counsel for appellees insist that the foregoing statutes make it perfectly plain that the exceptions, if any, must be filed in the county court, and that if none be filed, it is the duty of the court to establish the road, and therefore if no exceptions be filed in the county court, there

is really nothing for the circuit court to try on appeal. On this account, it is insisted that the judgment of the circuit court dismissing the appeal was proper.

Section 4303, Kentucky Statutes, is as follows:

"No appeal shall lie to the Court of Appeals from the decision of a county court ordering a new road to be opened, or refusing such order, or ordering an alteration in a road, or refusing the same, or discontinuing a road, or refusing such discontinuance, allowing gates to be erected across a road, or refusing to allow the same, or abolishing such gates. But in all such cases, the party aggrieved may prosecute an appeal within sixty days by executing bond as required in other cases to the circuit court of the county, and the appeal shall be tried *de novo;* and from the decision of the circuit court either party may prosecute an appeal to the Court of Appeals, and the latter court shall have jurisdiction only of matters of law arising on the record of such cases."

It will be observed that the foregoing section not only gives to the party aggrieved the right of appeal to the circuit court, but also provides that the appeal shall be tried *de novo.* There is nothing in the section making it inapplicable to a non-resident. It includes all parties aggrieved. The right of a non-resident against whom a judgment has been rendered upon constructive service and who did not appear in the action, to apply at any time within five years after the rendition of the judgment for a re-trial of the action in the court where the judgment was rendered, as provided by section 414, Civil Code, does not divest a non-resident of the right of appeal under the above statute. Nor do we think that on such an appeal only errors apparent in the record may be considered, as in the case of an appeal to this court by a non-resident from a judgment of a circuit court; for the statute, by providing for a trial *de novo,* makes it clear that the case is to be again actually tried, and is not merely subject to reversal for errors of law committed by the county court. While it is true that in the case of ordinary appeals from courts of inferior jurisdiction to the circuit court, a plaintiff cannot amend his pleadings so as to set up a new and independent cause of action, but the cause of action to be tried on the appeal must be the same as tried in the lower court, yet the defendant in an action in the lower court has the right on such an appeal to make all the defenses he has. If he fails to set up any defense, and allows judgment to go

by default, it is within the discretion of the court in which the appeal is pending for a trial *de novo,* to allow an answer to be filed. So, too, that court may, in the same way, allow the defense to be changed or new defenses to be made, as if the case had been originally brought in that court. Willis v. McNeal, 8 Ky. L. Rep., 411; Southern Lumber Co. v. Wiseman, 19 Ky. L. Rep., 585, 41 S. W., 297; Roberts v. Abner, 19 Ky. L. Rep., 887, 42 S. W., 337. We see no reason why the same rule should not be followed on appeals in road cases. The exceptions in such cases are, in effect, simply a method of pleading, provided by the statute for the purpose of raising questions of law as well as issues of fact. We, therefore, conclude that it is within the sound discretion of the circuit court on appeal to permit an aggrieved party who did not file any exceptions in the county court to file exceptions for the first time in the circuit court.

Judgment reversed and cause remanded with directions to set aside the order dismissing the appeal, and for further proceedings not inconsistent with this opinion.